**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MICHAEL R. LEVIEGE, #714330,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **3:06-CV-1721-N** |
| ) | **ECF** |
| **JIM HAMLIN, et al.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas. Defendants are Dallas County District Clerk Jim Hamlin, State District Judge Keith Dean, and Law Library Clerk Deanna Davis. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff seeks to sue District Clerk Hamlin for "losing all records pertaining to my [criminal] case," and Judge Dean for allowing him "to be tried without mental evaluation." With respect to Law Library Clerk Davis, Plaintiff alleges that she "lost all records that were to be copied" at the Clements Unit law library. He requests production of all missing

evidence, including DNA evidence and witnesses, complete exoneration, and $1,500 a day in compensatory damages. He also requests that Ms. Davis produce all records lost at the Bill Clements Unit. (Complaint at 4).

In his complaint, Plaintiff concedes that he was convicted of sexual misconduct with a minor. (*Id.*). A search of the TDCJ Offender Information website reflects Plaintiff is presently incarcerated on a fifty year sentence from Dallas County for aggravated sexual assault with a child under fourteen years of age in Cause No. F94-41463-LR. *See* http://168.51.178.33/webapp/ TDCJ/InmateDetails.jsp?sidnumber=01921788. Petitioner twice sought to attack that conviction in this Court. *See Leviege v. Johnson*, 3:98cv2859-G (N.D. Tex., Dallas Div., May 3, 1999) (dismissing habeas petition as barred by the one-year limitation period); *Leviege v. Dretke*, 3:04cv2140-M (N.D. Tex., Dallas Div., Feb. 7, 2005) (dismissing petition as second or successive).[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

---

[1] On October 12, 2006, the Court administratively closed *Leviege v. Dean*, No. 3:06cv1669-P (filed eight days before this action), because the only claim alleged therein was re-pled in toto in this action in which additional defendants and claims were pled.

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's request for monetary relief against Judge Dean lacks an arguable basis in law. Judge Dean is absolutely immune from any claims for monetary damages.[2] Plaintiff's own pleadings concede that Judge Dean permitted him "to be tried without mental evaluation." It is thus self-evident that any ruling issued by Judge Dean during Plaintiff's criminal proceeding, including any decision related to his mental competency, occurred in his capacity and function as a judge, which in and of itself renders him immune from a suit for monetary damages. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see also Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).

Accordingly, Plaintiff's claims against Judge Dean should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).[3]

---

[2] "Despite the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) (presently § 1915(e)] determination." *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994)); *see also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis).

[3] Even assuming Plaintiff's claim against Judge Dean were not barred by absolute immunity, it would impugn on the validity of his state conviction and sentence in Cause No. F94-41463-LR. Under the Supreme Court's decision in *Heck,* 512 U.S. 477, 486-87, Plaintiff's claim is not cognizable in this civil rights action, unless Plaintiff's conviction is reversed, expunged, invalidated or called into question. Presently Plaintiff cannot make such a showing.

The remaining claims fare no better.  The loss of Plaintiff's records whether by the Dallas District Clerk's Office or the law library clerk at the Clements Unit amounts at the most to negligence.  It is well established that negligent conduct is not actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995).  Because the complaint is devoid of any allegation supporting a constitutional claim for the alleged loss of the record, Plaintiff cannot raise a claim cognizable under § 1983.

Lastly, Plaintiff requests an exoneration from his state conviction.  He also requests that Defendants produce any evidence against him, including DNA evidence and witnesses.  Such claims are cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254.  In *Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002), the Fifth Circuit specifically held that a claim to compel the state to produce biological evidence for DNA testing was cognizable only in a habeas corpus action.  *Id.* at 340-41 (citing *Harvey v. Horan*, 278 F.3d 370, 374078 (4th Cir. 2002), *pet. for reh'g and reh'g en banc denied*, 285 F.3d 298).  In so holding the Fifth Circuit noted as follows:

> Since *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has consistently held that habeas corpus is the exclusive means for prisoners to attack the fact or duration of their confinement.  *Harvey* . . . analyzed a claim for DNA testing much like this one and drew the obvious conclusion that the proposed remedy is sought 'to set the stage for a future attack on [the prisoner's] confinement" --effectively transforming the claim into a petition for a writ of habeas corpus.  *Harvey*, 278 F.3d at 378.  Not only is *Harvey* strongly persuasive, but this Court, too, has recently reiterated that claims seeking to attack the fact or duration of confinement, as well as claims, which are 'so intertwined' with attacks on confinement that their success would 'necessarily imply' revocation or modification of confinement, must be brought as habeas corpus petitions and not under § 1983.  *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir. 2002).  Under *Martinez*, a prisoner's request for DNA testing of evidence relevant to his prior conviction is 'so intertwined' with the merits of the conviction as to require habeas corpus treatment.

4

*Kutzner*, 303 F.3d at 341.[4]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims for monetary relief be DISMISSED with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

It is further recommended that Plaintiff's remaining claims be DISMISSED because they are cognizable only in a habeas corpus action, and that Plaintiff's motion for bench warrant (Docket # 5) be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 26th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] The Ninth and Eleventh Circuits disagree with *Kutzner* and *Harvey*. *See Osborne v. District Attorney's Office*, 423 F.3d 1050, 1054-55 (9th Cir. 2005) (holding that *Heck* does not preclude § 1983 action seeking to compel state to release biological evidence for DNA testing because prisoner's success in action would only yield access to evidence, results of DNA testing may have no effect on validity of confinement, and even if finding did exonerate prisoner, a separate action, alleging a separate constitutional violation, would be required to overturn his conviction); *Bradley v. Pryor*, 305 F.3d 1287, 1289-92 (11th Cir. 2002) (§ 1983 action seeking to compel government to produce evidence for DNA testing was not functional equivalent of habeas corpus petition). This Court, however, is bound by Fifth Circuit case law.

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.